UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES FOR USE OF
DEEPALI CO., LLC,

    Plaintiff,                                         Case No. 17-12911

v.                                                HON. GEORGE CARAM STEEH

FUTURENET GROUP, INC., and
WESTERN SURETY COMPANY,

    Defendants.
_____/

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 50)

Plaintiff Deepali Co., L.L.C., seeks a default judgment against FutureNet Group, Inc. This case involves the construction of the visitor center at the Detroit International Wildlife Refuge in Trenton, Michigan. FutureNet was the general contractor and obtained payment and performance bonds from Western Surety Company. Deepali is a subcontractor of FutureNet that alleges it was not paid for labor and materials it provided for the project. Contending that FutureNet owes it $320,751.54, Deepali sued both FutureNet and Western. During this litigation, FutureNet was placed in receivership in state court and this action

was stayed as to FutureNet. The stay has been lifted, but FutureNet did not obtain counsel and has not responded to the default motion.[1]

Deepali sought payment for the amount FutureNet allegedly owed it from the surety, Western. In ruling on Western's motion for summary judgment, the court determined that parts of Deepali's claim were unenforceable as a matter of law. Specifically, the court determined that the following were unenforceable: Change Order 6 ($160,871.77), Change Order 7 ($98,812), and Pay Application 7 ($29,062.95), for a total of $288,746.72. See ECF No. 45.

Nonetheless, Deepali seeks to recover these items as part of its $320,751.54 claim against FutureNet. Deepali asserts that in its discovery responses, FutureNet admitted to owing Deepali this amount. However, if the court were to enter judgment in the amount requested by Deepali, it would be inconsistent with the court's previous order finding portions of Deepali's claim unenforceable.

Deepali suggests that, although the court found claims in the amount of $288,746.72 unenforceable against Western, it would not be inconsistent to award this amount as part of its total claim against FutureNet. However,

---

[1] The court provided FutureNet 30 days after the stay was lifted to obtain counsel. ECF No. 36.

the liability of FutureNet, as the general contractor, and Western, as FutureNet's surety, is coextensive. *See, e.g., Consol. Elec. & Mechanicals, Inc. v. Biggs Gen. Contracting, Inc.*, 167 F.3d 432, 435 (8th Cir. 1999) ("A surety's liability under the Miller Act is measured by the general contractor's liability under the construction contract."); *United States v. Hartford Accident & Indem. Co.*, 168 F.Supp. 3d 824, 832 (D. Md. 2016) ("[T]he surety on a Miller Act payment bond is liable only to the extent that the general contractor would be liable."). By implication, any claim brought by Deepali that is unenforceable against Western is also unenforceable against FutureNet. *See Hartford*, 168 F.Supp. 3d at 832 ("[I]t is a 'cardinal rule of the surety/principal relationship that a surety occupies the shoes of its principal.'").

To avoid inconsistent judgments, courts have postponed entering default judgments in multiple-defendant actions until the liability of the answering defendants has been adjudicated. *See Nautilus Ins. Co. v. I.L.S. General Contractors, Inc.,* 369 F.Supp. 2d 906, 908-909 (E.D. Mich. 2005). When multiple defendants are jointly liable or have similar defenses, courts apply the same legal rulings to the defaulting defendants as to the answering defendants. "[I]f an action against the answering defendants is decided in their favor, then the action should be dismissed

against both answering and defaulting defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("It would be incongruous and unfair to allow [the plaintiff] to collect a half million dollars from [the defaulting party] on a contract that a jury found was breached by [the plaintiff].").

The court's grant of summary judgment in favor of Western accrues to the benefit of FutureNet; it would be "incongruous" and "unfair" to hold FutureNet liable for charges that the court has determined are unenforceable. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Accordingly, the court will deny Deepali's motion for default judgment to the extent it is inconsistent with the court's summary judgment ruling. *See* ECF No. 45 (denying Deepali's claims in the amount of $288,746.72).

The court did not make a prior ruling on the remaining part of Deepali's claim, which amounts to $32,004.82. Given FutureNet's failure to obtain new counsel or to respond to Deepali's motion, the court agrees that FutureNet is in default. Deepali has sufficiently supported its motion for liability and damages in the amount of $32,004.82. *See* ECF No. 50.

Therefore, IT IS HEREBY ORDERED that Deepali's motion for default and default judgment (ECF No. 50) is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

Dated: September 18, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 18, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk